United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 30, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-10530
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLIE PENNY,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
No. 4:06-CR-47-ALL
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Carlie Penny appeals the sentence of 24 months in prison and 12 months of supervised release imposed following revocation of his term of supervised release. The district court also imposed certain conditions of supervised release related to sex offenders but did not require that Penny register as a sex offender. Penny argues that the sentence is unreasonable or plainly unreasonable because it exceeds the advisory guideline range and was imposed without the court's issuing a detailed statement of reasons.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court may impose any sentence that falls within the appropriate statutory maximum term of imprisonment allowed for the revocation sentence. 18 U.S.C. § 3583(e)(3). The sentence imposed in Penny's case, though in excess of the range indicated by the policy statement, is within the statutory maximum term of imprisonment that the district court could have imposed. See id. Penny has not shown that his sentence was unreasonable or plainly unreasonable in length. See United States v. Hinson, 429 F.3d 114, 119-20 (5th Cir. 2005), cert. denied, 126 S. Ct. 1804 (2006).

Furthermore, the court explicitly stated that it had considered the advisory guideline range and found it to be inadequate. The court imposed the 24-month sentence to give Penny time to participate in a residential drug treatment program. The need for medical care or other correctional treatment is one of the factors a district court must consider under 18 U.S.C. § 3553(a). The record demonstrates that the court considered the relevant sentencing factors and articulated sufficient reasons to support the sentence. See United States v. Mares, 402 F.3d 511, 518-19 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005).

Penny contends the district court abused its discretion in imposing the special conditions of supervised release relating to sex offenders. He argues that the court erred in finding that he had committed a sex offense and that the conditions related to sex offenders were overbroad and not reasonably related to any of the statutory sentencing goals of § 3553. We review the imposition of

2

discretionary conditions of supervised release for abuse of discretion.  <u>United States v. Ferguson</u>, 369 F.3d 847, 852 (5th Cir. 2004).  "A district court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence."  <u>United States v. Castillo</u>, 430 F.3d 230, 238 (5th Cir. 2005) (internal quotation marks and citation omitted).

The district court's determination that Penny had previously committed a sex offense "is plausible in light of the record read as a whole."  See <u>United States v. Lopez-Urbina</u>, 434 F.3d 750, 766-67 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 672 (2005).  Therefore, we "may not reverse" that finding even if we might "have weighed the evidence differently."  See <u>United States v. Charon</u>, 442 F.3d 881, 891 (5th Cir.), <u>cert. denied</u>, 127 S. Ct. 260 (2006).  The special conditions of supervised release are not overbroad and are reasonably related to the sentencing goals of § 3553.  See § 3583(d)(1); <u>see</u> <u>also</u> <u>United States v. Prochner</u>, 417 F.3d 54, 58-64 & n.7 (1st Cir. 2005).

AFFIRMED.