**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 08-6782**

───────────

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

RONALD MAYBERRY,

          Defendant - Appellant.

───────────

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern. Louise W. Flanagan, Chief District Judge. (5:05-cr-00299-FL-1; 5:07-cv-00307-FL)

───────────

Submitted:  July 27, 2009        Decided:  August 13, 2009

───────────

Before WILKINSON, MOTZ, and GREGORY, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Rudolph A. Ashton, III, MCCOTTER, ASHTON & SMITH, P.A., New Bern, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ronald Mayberry was indicted on one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924 (2006). Following a jury trial, Mayberry was convicted and sentenced to thirty-six months' imprisonment. On appeal, Mayberry contends that the district court erred in not sua sponte entering a judgment of acquittal under Federal Rule of Criminal Procedure 29 ("Rule 29") based on insufficient evidence, that his trial counsel was ineffective for failing to move for a Rule 29 judgment of acquittal, and that the district court's jury instructions were deficient because they failed to state that the jury must unanimously determine which firearm Mayberry possessed. For the reasons below, we affirm the judgment of the district court.

I.

Mayberry first argues that the district court erred in failing to enter, sua sponte, a judgment of acquittal under Rule 29 based on insufficient evidence that Mayberry knowingly possessed a firearm. Pursuant to Rule 29:

> After the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction. The court may on its own consider whether the evidence is insufficient to sustain a conviction.

2

Fed. R. Crim. P. 29(a). Mayberry's counsel, though prompted by the court, did not file a Rule 29 motion for acquittal. Because Mayberry failed to move for acquittal pursuant to Rule 29, our review is for plain error under Federal Rule of Criminal Procedure 52.[*] Fed. R. Crim. P. 52(b); United States v. Wallace, 515 F.3d 327, 332 (4th Cir. 2008). To demonstrate plain error, a defendant must show that: (1) there was an error; (2) the error was clear or obvious; and (3) the error affected his "substantial rights." United States v. Olano, 507 U.S. 725, 732-34 (1993). We are not required to correct a plain error unless "a miscarriage of justice would otherwise result," meaning that the error "cause[d] the conviction or sentencing of an actually innocent defendant." Id. at 736 (internal quotation marks and citations omitted).

"A defendant challenging the sufficiency of the evidence to support his conviction bears a heavy burden." United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997) (internal quotation marks and citation omitted). A jury's

---

[*] Mayberry argues that our review should be de novo because the district court denied a judgment of acquittal. However, Mayberry readily concedes there was no Rule 29 motion filed. Instead, Mayberry appears to argue that, because the district court was permitted to consider sua sponte evidentiary sufficiency, it effectively denied a motion by not doing so. We decline to adopt this reasoning and find that plain error is the proper standard of review.

3

verdict "must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). See also United States v. Martin, 523 F.3d 281, 284 (4th Cir. 2008). Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Alerre, 430 F.3d 681, 693 (4th Cir. 2005) (internal quotation marks and citation omitted). We "may not weigh the evidence or review the credibility of the witnesses [because] [t]hose functions are reserved for the jury." United States v. Wilson, 118 F.3d 228, 234 (4th Cir. 1997) (internal citation omitted).

"[T]o prove a violation of § 922(g)(1), the government must prove, beyond a reasonable doubt, that: (1) the defendant previously had been convicted of a crime punishable by a term of imprisonment exceeding one year; (2) the defendant knowingly possessed . . . the firearm; and (3) the possession was in or affecting commerce . . . ." United States v. Langley, 62 F.3d 602, 606 (4th Cir. 1995). Mayberry does not deny that he was previously convicted of a crime punishable by a term of imprisonment exceeding one year or that the firearm traveled in interstate commerce. Mayberry argues only that the evidence was not sufficient to prove his constrictive possession of .380

4

caliber Hi Point found in his stepson's bedroom. What Mayberry ignores, however, is that a neighbor's testimony established that Mayberry possessed and fired a weapon in his front yard on May 21, 2005. Moreover, expert testimony established that the spent shell casing found outside Mayberry's home on May 21, 2005, came from the .380 caliber Hi Point later found in the stepson's bedroom. Viewing the evidence in the light most favorable to the Government, we find that this testimony was substantial enough for the jury to determine that Mayberry had actual possession of a firearm. Mayberry's claim thus fails.

## II.

Mayberry next argues that he received ineffective assistance of counsel because counsel failed to file a Rule 29 motion for acquittal and that, had such motion been filed, it would have been granted. A defendant may raise a claim of ineffective assistance of counsel "on direct appeal if and only if it conclusively appears from the record that his counsel did not provide effective assistance." United States v. Martinez, 136 F.3d 972, 979 (4th Cir. 1998). To prove ineffective assistance the defendant must show two things: (1) "that counsel's representation fell below an objective standard of reasonableness" and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v.

*Washington*, 466 U.S. 668, 688, 694 (1984). There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.

In *United States v. Daniel*, 3 F.3d 775, 779 (4th Cir. 1993), we held that counsel was not ineffective for failing to seek a judgment of acquittal because counsel was "demonstrat[ing] his sound evaluation of [the] likelihood of success." Further, in *Williams v. Kelly*, 816 F.2d 939, 949-50 (4th Cir. 1987), we found that counsel's failure to file a motion to strike was a reasonable strategic decision, one we declined to second guess. We find that, in light of the substantial evidence presented that Mayberry possessed a firearm as a convicted felon on May 21, 2005, counsel's decision not to file a Rule 29 motion for acquittal was a reasonable strategic decision. Accordingly, Mayberry has not conclusively shown that he received ineffective assistance of counsel.

### III.

Finally, Mayberry argues that the district court committed plain error in the jury instructions by failing to clearly state which firearm was at issue. Mayberry argues that, because of the district court's error, the jury may have been confused and the verdict not unanimous that Mayberry possessed a particular firearm -- a .380 caliber Hi Point pistol.

6

Because Mayberry failed to object to the jury instructions at trial, we review for plain error. United States v. Hastings, 134 F.3d 235, 239 (4th Cir. 1998). "Jury instructions are reviewed to determine whether, taken as a whole, the instructions fairly state the controlling law." United States v. McQueen, 445 F.3d 757, 759 (4th Cir. 2006) (internal quotation marks, alterations, and citation omitted).

In this case, 18 U.S.C. § 922(g)(1) (2006) provides the controlling law. That statute makes it unlawful for a convicted felon to possess any firearm. The identity of the firearm is not an element of the offense; thus any firearm suffices to trigger a violation of § 922(g)(1). See United States v. Talbert, 501 F.3d 449, 451-52 (5th Cir. 2007), United States v. DeJohn, 368 F.3d 533, 542 (6th Cir. 2004), United States v. Verrecchia, 196 F.3d 294, 298-99 (1st Cir. 1999).

We find that the district court's jury instructions, when taken as a whole, fairly state the controlling law. The district court read the charge in the indictment, that Mayberry possessed "firearms, including a HiPoint, .380 caliber semi-automatic pistol," and instructed the jurors on the elements of the crime, including that they could only find Mayberry guilty if they found that Mayberry "knowingly possessed a firearm and ammunition as charged." The district court also instructed the

7

jury that its decision was required to be unanimous.  Therefore, the district court did not err in its jury instructions.

Accordingly, we affirm the judgment of the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED