*393 JERRY E. SMITH, Circuit Judge, dissenting:
The majority holds that the government bears the burden of showing that the district court committed plain error by failing to include Ventura’s marihuana offenses in his criminal history score. That conclusion is incorrect, because the court never ruled on whether they should be included. Instead, it arbitrarily dismissed the revised presentence report (“PSR”) and sentenced Ventura according to the original PSR, stating that “in this case I will give you the benefit of the doubt. We will just go with the original calculation.” But the court cannot “just go” with anything; it must have reasons for its judgment.[1] It thus committed plain error by ignoring relevant information about a criminal history without reason.
To avoid the obvious conclusion that the district court erred, Ventura raises on appeal, for the first time, the argument that his marihuana convictions should not be counted because they are “similar to” the offenses listed in U.S.S.G. § 4A1.2(e). But we need not credit some imaginary “decision” that the marihuana convictions were similar to the § 4A1.2(c) offenses. Indeed, nobody even mentioned § 4A1.2(c) at the sentencing hearing, and there is no indication that that guideline played a role in the decision. Because the court did not rule on the § 4A1.2(c) question, there is no “decision” for us to review, for plain error or otherwise.
Even if we take the relevant error to be some imaginary “ruling” on whether to count Ventura’s marihuana convictions, the objection of the probation officer, set forth in the PSR, is sufficient to preserve the error. The majority cites United States v. Talbert, 501 F.3d 449, 453 (5th Cir.2007), to support its conclusion that a probation officer cannot preserve error on behalf of the government. But Talbert was a decision confirming a probation officer’s power to make certain sentencing decisions as an arm of the court. Talbert did not purport to address the circumstances under which a probation officer may preserve error, and it has nothing to say on that matter.
Waiver is not some formalistic game of “gotcha” in which a party must incant certain magic words. Instead, its purpose is highly functional, “to induce the timely raising of claims and objections, which gives the district court the opportunity to consider and resolve them.” Puckett v. United States, 556 U.S. 129, 129 S.Ct. 1423, 1428, 173 L.Ed.2d 266 (2009). That purpose is perfectly served by allowing the probation officer to bring an error to the court’s attention so it can correct it.
Our adherence to the functional purpose of waiver doctrine is the reason we have often relaxed the objection requirement if a party’s position is obvious to the district court and any objection is futile. See United States v. Krumnow, 476 F.3d 294, 296-97 (5th Cir.2007). After the probation officer pointed out that the court should have considered the revised PSR when calculating Ventura’s criminal history, the court commented, “Well, if the Government wants to appeal, they can appeal. I’m not going to go back over that.” That comment indicated that any further objection was both unnecessary and futile, because the court was plainly aware of the *394 error yet had already resolved not to correct it. The policies of the waiver doctrine were protected, and we should review the error de novo, not for plain error.
Because I would vacate the sentence and remand for resentencing, I respectfully dissent.

. See 18 U.S.C. § 3553(c) ("The court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence ...."); see also Rita v. United States, 551 U.S. 338, 356, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007) ("The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties’ arguments and has a reasoned basis for exercising his own legal decisionmaking authority.”).