# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 20, 2012

No. 11-40531
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JONATHAN RAY DEAN,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:09-CR-63-1

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jonathan Ray Dean pleaded guilty of possession with intent to distribute cocaine. He was sentenced as a career offender to a 188-month term of imprisonment and to a four-year period of supervised release. Dean contends that the Government breached its plea agreement with him because the probation officer determined his base offense level on the basis of the career offender provision, U.S.S.G. § 4B1.1, and not under U.S.S.G. § 2D1.1, as the parties had stipulated.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-40531

We review a claim of breach of a plea agreement de novo. *United States v. Pizzolato*, 655 F.3d 403, 409 (5th Cir. 2011). Applying general principles of contract law, we must determine whether the Government's conduct is consistent with the defendant's reasonable understanding of the agreement. *Id.*

By its terms, the plea agreement did not bind the probation officer or the district court, and Dean was admonished at the rearraignment that the stipulation was not binding on the district court. Dean's contrary understanding was not reasonable. *See id.*; *see also United States v. Talbert*, 501 F.3d 449, 453 (5th Cir. 2007) ("[T]he United States Probation Office is a branch of the federal judiciary and 'an investigatory and supervisory arm' of the sentencing court." (citation omitted)); *United States v. Woods*, 907 F.2d 1540, 1543-44 (5th Cir. 1990). The judgment is AFFIRMED.

The Government's motion to dismiss the appeal, based on Dean's appeal waiver, or for summary affirmance or an extension of time to file its brief is DENIED. *See United States v. Roberts*, 624 F.3d 241, 244 (5th Cir. 2010).