REVISED JULY 30, 2012
IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 26, 2012

Lyle W. Cayce
Clerk

No. 10-11169
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAYMOND RODRIGUEZ, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:10-CR-113-1

Before KING, STEWART, and CLEMENT, Circuit Judges.
PER CURIAM:[*]

Raymond Rodriguez, Jr., was convicted of bank robbery and was sentenced to serve 120 months in prison and a three-year term of supervised release. In this appeal, he argues that his sentence, which was the result of an upward variance, is substantively unreasonable.

This court reviews sentencing decisions for reasonableness and applies the abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 46, 51 (2007).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Our review of the record and Rodriguez's arguments reveals no abuse of discretion in connection with his sentence.

Rodriguez argues that the his non-Guidelines sentence is unreasonable because it is based on "stale" convictions and facts taken from police reports. Rodriguez's claims are unavailing. This court has held that "[a] defendant's criminal history is one of the factors that a court may consider in imposing a non-Guideline sentence." United States v. Smith, 440 F.3d 704, 709 (5th Cir. 2006).

Rodriguez also asserts that the district court erred when it increased his sentence based on "misconduct established only by police reports" because "police reports are regarded as a quintessentially unreliable means by which to establish the defendant's conduct." In making factual findings for sentencing purposes, the district court may consider any evidence which bears sufficient indicia of reliability to support its probable accuracy. United States v. Nava, 624 F. 3d 226, 230-31 (5th Cir. 2010). Facts contained in a PSR are considered reliable and may be adopted without further inquiry if the defendant fails to present competent rebuttal evidence. See United States v. Puig–Infante, 19 F.3d 929, 943 (5th Cir.1994). Additionally, this court has considered police reports reliable in the sentencing context. United States v. Jimenez, 275 F. App'x 433, 438 (5th Cir. 2008); United States v. Posasa-Rios, 18 F.3d 832, 881 (5th Cir. 1998). If the defendant takes issue with the evidence, he "bears the burden of demonstrating that the information cannot be relied upon because it is materially untrue, inaccurate or unreliable." Nava, 624 F.3d at 231 (internal quotation marks and citation omitted).

The district court considered the statements presented at sentencing and the PSR and was free to conclude, as it did, that the guidelines range gave insufficient weight to some of § 3553(a)'s sentencing factors. The record reflects that the district court's decision to impose a non-Guidelines sentence was based on permissible factors that advanced the objectives set forth in § 3553(a) and

were justified by the facts of the case. See United States v. Zuniga-Peralta, 442 F.3d 345, 347 (5th Cir. 2006). Additionally, the departure, although substantial, does not represent an abuse of the district court's vast sentencing discretion when considered in light of the totality of the circumstances. See Gall, 552 U.S. at 51; United States v. Brantley, 537 F.3d 347, 349 (5th Cir. 2008).

Rodriguez raises two additional arguments, which he acknowledges are foreclosed by our precedent, to preserve for further review. Rodriguez contends that the district court erred in ordering his sentence to run consecutively to yet-to-be imposed state sentences. We rejected this claim in United States v. Brown, 920 F.2d 1212, 1217 (5th Cir. 1991), overruled on other grounds by United States v. Candia, 454 F.3d 468, 472-73 (5th Cir. 2006), which remains binding precedent in this circuit. See United States v. Setser, 607 F.3d 128, 131-32 (5th Cir. 2010), cert. granted, ___ S. Ct. ___, 2011 WL 2297806 (June 13, 2011) (No. 10-7387). Rodriguez also contends that the district court violated his constitutional rights because facts essential to determining the sentence were not alleged in the indictment, proved to a jury beyond a reasonable doubt, or admitted by him. We have consistently rejected this claim. See United States v. Rhine, 583 F.3d 878, 891 n.50 (5th Cir. 2009).

Lastly, to the extent Rodriguez alleges a violation under Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), his claim is meritless. See § 2113(a).

The judgment of the district court is AFFIRMED.