**UNITED STATES of America, Plaintiff–Appellee**

v.

**Anthony F. GIAIMIS, also known as Tony Giaimis, Defendant–Appellant.**

**No. 13–30865**

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

June 30, 2014.

Camille ann Domingue, Assistant U.S. Attorney, Joseph Thomas Mickel, U.S. At-

torney's Office, Lafayette, LA, for Plaintiff–Appellee.

Shane Keith Hinch, Glen D. Vamvoras, Vamvoras, Schwartzberg & Hinch, L.L.C., Lake Charles, LA, for Defendant–Appellant.

Before DAVIS, SMITH, and ELROD, Circuit Judges.

PER CURIAM: *

Anthony F. Giaimis appeals his conviction of conspiracy to distribute and possess with intent to distribute more than 50 grams of methamphetamine, possession of methamphetamine with intent to distribute, and possession of firearms by a convicted felon. He challenges the sufficiency of the evidence with regard to each count.

Because Giaimis did not renew his motion for judgment of acquittal at the close of all evidence, our review is for a manifest miscarriage of justice. *United States v. Davis*, 690 F.3d 330, 336 (5th Cir.2012), *cert. denied* — U.S. ——, 133 S.Ct. 1283, 185 L.Ed.2d 216 (2013). This standard is "far more strict" than plain error review. *United States v. Mudekunye*, 646 F.3d 281, 293 (5th Cir.2011). "A manifest miscarriage of justice exists only if the record is devoid of evidence pointing to guilt, or because the evidence on a key element of the offense is so tenuous that a conviction would be shocking." *Davis*, 690 F.3d at 336–37 (internal quotation marks and citations omitted).

The Government produced evidence of a tacit agreement between Giaimis, Justin Brewer, and his Mexican drug suppliers to distribute methamphetamine. *See United States v. Cantwell*, 470 F.3d 1087, 1090 (5th Cir.2006); *United States v. Paul*, 142 F.3d 836, 840 (5th Cir.1998). This agreement was evidenced by their arrangement regarding Brewer's participation as a facilitator or middleman between Giaimis and his suppliers. *See United States v. Mitchell*, 484 F.3d 762, 769 (5th Cir.2007). Accordingly, Giaimis's conviction on the conspiracy count does not constitute a manifest miscarriage of justice. *See Davis*, 690 F.3d at 336–37.

In addition, the Government produced evidence at trial indicating that, at the time of his arrest, Giaimis possessed methamphetamine with the intent to distribute the drug. *See United States v. Williamson*, 533 F.3d 269, 277 (5th Cir.2008). Task force officers located approximately two grams of methamphetamine in a camper trailer exclusively occupied by Giaimis. *See United States v. Meza*, 701 F.3d 411, 419 (5th Cir.2012). Although the quantity of drugs was consistent with personal use, it was found with other evidence indicative of distribution, such as a digital scale and a large quantity of small, unused plastic baggies. *See United States v. Kates*, 174 F.3d 580, 582 (5th Cir.1999). Consequently, Giaimis's conviction on the drug possession with intent to distribute count does not constitute a manifest miscarriage of justice. *See Davis*, 690 F.3d at 336–37. Because this evidence alone was sufficient to sustain Giaimis's conviction, we do not address any issues related to the methamphetamine discovered aboard the *Sea Ray*.

Finally, there is ample evidence that Giaimis, a convicted felon, was knowingly in possession of firearms that traveled in

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

interstate commerce. *See United States v. Ybarra,* 70 F.3d 362, 365 (5th Cir.1995). The evidence establishes that one of the firearms was kept in a locked toolbox and that Giaimis kept the key for the toolbox in his locked truck. This evidence was sufficient to establish that Giaimis constructively possessed the Kahr pistol located in that toolbox. *See Meza,* 701 F.3d at 419. Consequently, Giaimis's conviction of being a felon in possession of a firearm does not constitute a manifest miscarriage of justice. *See Davis,* 690 F.3d at 336–37. Because this evidence alone is sufficient to sustain Giaimis's conviction, we do not address the validity of his conviction with respect to each of the 13 firearms listed in the indictment. *See United States v. Talbert,* 501 F.3d 449, 450–51 (5th Cir.2007).

AFFIRMED.