FULLER V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-129-CR

RASHAD ANDREA FULLER APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

------------

OPINION

------------

Appellant Rashad Andrea Fuller appeals his conviction for failing to comply with the sex offender registration requirements of former article 62.01(5)(F) of the code of criminal procedure, which required sex offenders to report their “second conviction” for indecent exposure.
(footnote: 1)  In one issue, appellant complains that the trial court erred by denying his motion to quash the indictment because it erroneously charged him with failing to report as a “second conviction” a conviction for indecent exposure that occurred on the same day as another conviction for indecent exposure.  We affirm.

On December 8, 2004, appellant was indicted for the state jail felony offense of failing to comply with sex offender registration requirements.  The indictment provided that appellant “intentionally or knowingly fail[ed] to report . . . two convictions for indecent exposure in cause number 0819028 on the 20th day of September, 2001 in the County Criminal Court Number 10 of Tarrant County, Texas and in cause number 0819027 on the 20th day of September, 2001 in the County Criminal Court Number 10 of Tarrant County, Texas.” 

In his motion to quash the indictment, appellant complained that the indictment failed to state an offense because two sequential convictions for indecent exposure are necessary before a person is required to register as a sex offender, and the indictment in this case alleged only that appellant had two convictions which occurred on the same day.  The trial court denied appellant’s motion to quash the indictment.  Thereafter, appellant entered an open plea of guilty, and upon finding him guilty, the trial court assessed punishment at ten months’ confinement in the Tarrant County Jail.  
 

Generally, a sex offender who has a “reportable conviction” must register with the local enforcement authority in any municipality where the person resides or intends to reside for more than seven days.
(footnote: 2)  Under former article 62.01(5), a reportable conviction included “the second conviction for a violation of Section 21.08 (Indecent exposure).”
(footnote: 3) 

When construing a statute, we look to the literal text of the statute for its meaning, and we give effect to the statute’s plain meaning, unless the language is ambiguous or application of the statute’s language would lead to an absurd result that the legislature could not possibly have intended.
(footnote: 4)  

The language of article 62.01(5) clearly and unambiguously provides that any second conviction for indecent exposure is a reportable conviction.   Nothing in the statute requires that when two or more convictions occur on the same day, as did the convictions at issue, they must occur in sequential order for one of the convictions to qualify as the second conviction.  The fact that the legislature chose not to include language in article 62.01(5) that would require convictions to occur in a specified order demonstrates a clear legislative intent not to require the State to prove that the convictions occurred in sequential order or that they arose from separate transactions.
(footnote: 5)  Therefore, we hold that the trial court did not err by denying appellant’s motion to quash the indictment.  

We overrule appellant’s sole issue and affirm the trial court’s judgment.  

JOHN CAYCE 

CHIEF JUSTICE

PANEL A: CAYCE, C.J.; GARDNER and WALKER, JJ.

PUBLISH

DELIVERED:  May 11, 2006

FOOTNOTES
1:
Act of May 28, 2003, 78th Leg., R.S., ch. 1005, § 8(5)(F), 2003 Tex. Gen. Laws 2944, 2948 (amended 2005) (current version at 
Tex. Code Crim. Proc. Ann.
 art. 62.001(5)(F) (Vernon Supp. 2005)).

2:
Act of May 29, 1999, 76th Leg., R.S., ch. 1415, § 10, 1999 Tex. Gen. Laws 4831, 4835 (amended 2005) (current version at 
Tex. Code Crim. Proc. Ann.
 art. 62.051 (Vernon Supp. 2005)).  

3:
Act of May 28, 2003, 78th Leg., R.S., ch. 1005, § 8(5)(F), 2003 Tex. Gen. Laws 2944, 2948 (amended 2005) (current version at 
Tex. Code Crim. Proc. Ann.
 art. 62.001(5)(F) (Vernon Supp. 2005)).

4:
Campbell v. State
, 49 S.W.3d 874, 876 (Tex. Crim. App. 2001); 
Boykin v. State
, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991).  

5:
See Campbell
, 49 S.W.3d at 876 (analyzing the use of state jail felonies for punishment enhancement under section 12.35 and concluding that by failing to use language to specify an order of the prior offenses, the legislature chose  not to require that the prior state jail felony convictions be sequential); 
Gibson v. State
, 995 S.W.2d 693, 696-97 (Tex. Crim. App. 1999) (concluding that the  DWI enhancement statute did not require the State to prove the prior convictions occurred sequentially).