United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 9, 2007**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 05-51273
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                                                Plaintiff-
                              Appellee,

                    versus

BOBBY L. SULLIVAN,

                                                                Defendant-
                              Appellant.

_____

Consolidated with
No. 05-51525
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                                                Plaintiff-
                              Appellee,

                    versus

EDWARD A. BROWN,

                                                                Defendant-
                              Appellant.

-----------------------------------------------------------------
Appeals from the United States District Court
for the Western District of Texas

Before DeMOSS, STEWART and PRADO, Circuit Judges.

PER CURIAM:[*]

In this consolidated appeal, Bobby L. Sullivan and Edward A. Brown appeal their convictions and sentences for aiding and abetting each other in the violation of the Archaeological Resource Protection Act (ARPA). The appellants were convicted after a jury trial presided over by a magistrate judge, and they were sentenced to a year of probation and an order of forfeiture. They appealed to the district court, but the four issues they raise in their instant appeals are raised for the first time before this court.

First, the appellants argue that the attorney who represented them in their appeal to the district court rendered ineffective assistance by failing to file a copy of the trial transcript. To demonstrate that they received ineffective assistance of counsel, Sullivan and Brown must show, under the two-prong test enunciated in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), that counsel's assistance was deficient and that the deficiency prejudiced their defense. To demonstrate prejudice, they "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. The appellants have not demonstrated that they would have prevailed on appeal had the transcript been properly

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

filed. Their conclusory assertions of prejudice do not satisfy the second prong of *Strickland. See Green v. Johnson*, 160 F.3d 1029, 1041 (5th Cir. 1998).

Second, the appellants argue that the district court erred under the Double Jeopardy Clause by convicting and sentencing them when they had already been fined for their conduct. Neither appellant offered a copy of his prior citation into evidence, and it is impossible to determine whether the fine each paid was a permissible civil penalty. *See Hudson v. United States*, 522 U.S. 93, 95-96 (1997). The appellants have therefore not made a prima facie showing of a nonfrivolous double jeopardy claim and have not demonstrated plain error. *See United States v. Olano*, 507 U.S. 725, 732 (1993); *United States v. Delgado*, 256 F.3d 264, 270 (5th Cir. 2001).

Third, the appellants argue that the magistrate judge plainly erred by not sua sponte dismissing their case after hearing testimony from an Army Corps of Engineers employee involved in the investigation of their case. The appellants argue that the Corps employee's involvement in the prosecution violates the Posse Comitatus Act, 18 U.S.C. § 1385. The appellants arguably waived this argument by not raising it prior to trial. See FED. R. CRIM. P. 12(b)(3). Furthermore, the appellants have not demonstrated that the dismissal of their case would have been an appropriate remedy if the Act was violated. *See United States v. Wolffs*, 594 F.2d 77, 85 (5th Cir. 1979); *United States v. Walden*, 490 F.2d 372, 376-77 (4th Cir. 1974). They have therefore not shown that the magistrate judge committed plain error. *See United States v. Dupre*, 117 F.3d 810, 817 (5th Cir. 1997).

Last, the appellants argue that the prosecutors withheld exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). They have not demonstrated that "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would

have been different." *United States v. Moore*, 452 F.3d 382, 387 (5th Cir.), *cert. denied*, 127 S. Ct. 423 (2006).  They have thus failed to demonstrate that the evidence was material or that they should prevail on plain error review.  *See id.; Olano*, 507 U.S. at 732.   The judgment of the district court is AFFIRMED.