**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 7, 2009

Charles R. Fulbruge III
Clerk

No. 08-50284
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RYAN ANTHONY ARMS,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
No. 3:07-CR-2797-ALL

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

Ryan Arms was on probation for violating federal drug laws. The district
court modified the terms of probation, ordering Arms to register as a sex offen-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

der under Texas law based on two previous state convictions of indecent exposure. On appeal, Arms argues that the court (1) lacked subject matter jurisdiction to make the state law determination, (2) failed to make sufficient findings about the modified terms of probation, and (3) erred in determining that he had a second conviction of indecent exposure requiring registration under state law. Additionally, Arms collaterally attacks his prior indecent exposure convictions, urging that charging his conduct as two counts violated the Fifth Amendment's Double Jeopardy Clause. Rejecting each contention, we affirm.

## I.

Arms pleaded guilty in the Central District of California of one count of conspiring to distribute and possess with intent to distribute controlled substances and one count of conspiring to launder money. He was sentenced to a six-month home detention program and a three-year term of probation. Shortly afterward, Arms's supervision was transferred to the Western District of Texas.

On February 1, 2008, Arms's probation officer filed a Petition for Warrant or Summons for Offender Under Supervision. The officer stated that she had informed Arms that he had a duty to register as a sex offender in Texas in light of two state convictions of indecent exposure occurring on December 4, 2002. Arms refused to register. The probation officer then asked that the terms of probation be modified to add a requirement that Arms register as a sex offender, undergo a sex offender evaluation, and participate in a sex offender treatment program if directed to do so by his probation officer.

Pursuant to 18 U.S.C. § 3563(c), the district court held a hearing on the probation officer's request. After briefing by both parties, the district court determined that Arms was required to register as a sex offender under Texas law and issued an order modifying the terms of probation to that effect. It is that order that Arms appeals.

## II.

Arms contends that the district court lacked subject matter jurisdiction to determine whether he was required to comply with the Texas sex offender registration statute. A jurisdictional claim may be raised for the first time on appeal, and we review it *de novo*. *Paulsson Geophysical Serv. Inc. v. Sigmar*, 529 F.3d 303, 306 (5th Cir. 2008).

Arms argues that the court was without the power to order the registration, because Texas has not implemented the Sex Offender Registration and Notification Act ("SORNA") and because Arms has not been convicted of a sex offense under 18 U.S.C. § 4042(c)(4). *See* U.S.S.G. § 5B1.3(a)(9). Basically, Arms's position is that he is not required to register as a sex offender as a matter of federal law, so a federal court cannot order him to register. This position is unpersuasive.

A federal court has the power to add a state law requirement to a federal defendant's terms of probation. In *United States v. Talbert*, 501 F.3d 449, 452 (5th Cir. 2007), this court affirmed the imposition of a condition of supervised release that required the defendant to "register as a sex offender under state law if required to do so." Indeed, we said, "it is axiomatic that a district court can include as a condition that the defendant obey the law," *id.*, even a state law.

The plain language of the sentencing guidelines contemplates as much. Under U.S.S.G. § 5B1.3, it is a mandatory condition of probation "for any offense, [that] the defendant shall not commit another federal, state or local offense." *See also* 18 U.S.C. § 3563(a)(1). The court retains jurisdiction to modify the conditions of probation as need be through 18 U.S.C. § 3565(c), which by its terms incorporates "the provisions applicable to the initial setting of conditions of probation"––that is to say, 18 U.S.C. § 3563(a) and (b).

To be sure, the district court went one step further than did the court in *Talbert*. Though the district court in *Talbert* was content to leave open the ques-

tion of state law, here the court resolved it. Yet *Talbert* hardly stands for the proposition that the district court cannot resolve the state law question. Instead, we noted, "presumably whether Talbert is required to register under state law is a mechanical, straightforward question––one the court did not address merely for lack of definitive information about Talbert's prior sex related convictions and state law." *Talbert*, 501 F.3d at 453. Indeed, in *Talbert* we went so far as to affirm the district court's decision to delegate to the probation officer the authority to determine whether state law required the defendant to register. *Id.*

Arms nevertheless contends that the district court did not have the authority to make the state law determination. But in *United States v. Teran*, 98 F.3d 831, 836 (5th Cir. 1996), we upheld a district court's revocation of probation based on the defendant's commission of an offense of which he had been acquitted in state court. The district court in *Teran* made an independent determination, based on state law, that the defendant had committed the offense by a preponderance of the evidence. Implicit in our *Teran* holding is the recognition that a federal district court can make conclusions of state law as part of its broad power to make federal parole determinations.[1]

## III.

In a similar vein, Arms contends that the district court erred by implicitly concluding that registration was a mandatory probation requirement. Specifically, he argues that U.S.S.G. § 5B1.3(a)(9) does not mandate registration, because his state convictions were not defined sex offenses and because Texas has not adopted SORNA. Arms maintains that, as a result, the district court could order sex offender registration only as a discretionary probation condition and

---

[1] *See also* 18 U.S.C. §§ 3563(a) (power to impose mandatory probation conditions); 3563(b) (power to impose discretionary probation conditions); 3563(c) (power to modify probation conditions); 3565 (power to revoke probation).

thus only after considering the factors in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3563(b); U.S.S.G. § 5B1.3(b).

Because the record shows that Arms never challenged the district court's basis for imposing the probation condition, we review for plain error. *See Talbert*, 501 F.3d 449, 452 (5th Cir. 2007) (supervised release). Plain error arises where "(1) there was an error; (2) the error was clear and obvious; and (3) the error affected the defendant's substantial rights." *United States v. Villegas*, 404 F.3d 355, 358 (5th Cir. 2005). This court does not exercise its discretion to correct the error unless it "seriously affects the fairness, integrity, or public reputation of judicial proceedings," *id.* at 359, and "result[s] in a miscarriage of justice," *United States v. Surasky*, 974 F.2d 19, 21 (5th Cir. 1992); *United States v. Lopez*, 923 F.2d 47, 50 (5th Cir. 1991). Arms does not make the requisite showing.

Although Arms is correct that his prior offenses did not warrant registration under one particular mandatory probation condition, U.S.S.G. § 5B1.3(a)(9), that is not the only possible mandatory condition. As noted above, a probationer also must "not commit another federal, state or local offense" during the term of probation. U.S.S.G. § 5B1.3(a)(1); *see also* 18 U.S.C. § 3563(a). An individual required to register who fails to comply commits a state felony. TEX. CODE CRIM. PROC. ANN. art. 62.102(a), (b)(1) (Vernon 2009). And under Texas law, a prosecution may proceed if the defendant has received actual notice or a reasonable probability of notice––such as the probation officer's statement to Arms––of a duty to register under the sex offender statute. *See Varnes v. State*, 63 S.W.3d 824, 830-32 (Tex. App.––Houston [14th Dist.] 2001, no writ).

Even were it not for § 5B1.3(a)(1), the district court's discretionary modification of Arms's probation conditions pursuant to U.S.S.G. § 5B1.3(b) would satisfy plain error review. Indeed, the fact that a defendant was not sentenced for a sexual offense or even has no history of sexual convictions does not necessarily prohibit a court from requiring registration. *See United States v. Ybarra*, 289 F.

App'x 726, 732-33 (5th Cir.), *cert. denied*, 129 S. Ct. 751 (2008). Plainly, given Arms's criminal past, the district court was within its discretion to do so here.

Arms complains, though, that the record does not reveal a need for registration and that the court did not make a specific finding that registration was necessary pursuant to the § 3553(a) factors. He is correct that the court must consider those factors before imposing a discretionary probation condition. *See* U.S.S.G. 5B1.3(b), 18 U.S.C. § 3563(b). He also accurately states that the district court did not make any explicit § 3553(a) findings.

This is, however, plain error review. In *United States v. Mondragon-Santiago*, 564 F.3d 357, 363-64 (5th Cir. 2009), *cert. denied*, 2009 U.S. LEXIS 6109 (U.S. Oct. 5, 2009), the defendant challenged, under the plain-error standard, the sufficiency of the court's reasons for imposing a sentence. This court concluded that, although the district court's reasons were insufficient and amounted to clear or obvious error, there was no reversible plain error, because the defendant's substantial rights were not affected. *Id.*

Similarly, Arms has not shown that the lack of more detailed reasons for ordering the probation condition affected his substantial rights, because there is no indication that a more thorough explanation by the court would have resulted in a conclusion that the condition was not necessary. Arms thus has not established that the failure to provide additional reasons is plain error.

## IV.

Arms contends that the district court erred in determining that he had a second conviction for indecent exposure and so was required to register as a sex offender under Texas law. Article 62.051(a) of the Texas Code of Criminal Procedure states, "A person who has a reportable conviction or adjudication or who is required to register as a condition of parole, release to mandatory supervision, or community supervision shall register . . . ." A "reportable conviction" is de-

fined, in relevant part, as a "second violation of Section 21.08 (Indecent exposure), Penal Code, but not if the second violation results in a deferred adjudication." TEX. CODE CRIM. PROC. ANN. art. 62.001(5)(F) (Vernon 2009). The word "second" is undefined in the statute.

Arms argues that the district court misconstrued the word "second" in the definition of reportable convictions. Applying what he calls a plain-language reading of article 62.001(5)(F), he argues that the reference to a "second" violation necessarily implies the existence of a distinct "first," which means there must be a sequence of convictions. Although Arms points to no cases to support his definition, he does turn to a number of secondary sources. It is hardly surprising to learn that, for instance, Black's Law Dictionary at one point defined "second" as "denot[ing] either sequence in time or inferiority," BLACK'S LAW DICTIONARY 1064 (2d ed. 1910), or that Webster's College Dictionary defines it, in part, as "next after the first . . . ." WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY 1060 (1984). After all, that is a reasonable interpretation. But it is not the only one.[2] And, unfortunately for Arms, it is not the one that Texas courts have chosen to make.

To interpret the Texas statute, the district court turned properly to state law. Concluding that there were no higher Texas authorities that had weighed in on the subject, the court cited *Fuller v. State*, 194 S.W.3d 52, 53 (Tex. App.–– Fort Worth 2006, pet. ref'd), for the proposition that "any second conviction for indecent exposure is a reportable conviction" irrespective of whether the convictions occurred in sequential order. Confronted with Arms's two convictions for indecent exposure, the district court found the state registration statute applicable.

Arms appears to be correct that the facts in *Fuller* do not mirror exactly

---

[2] *See, e.g.,* RANDOM HOUSE DICTIONARY OF THE ENGLISH LANGUAGE 1288 (unabridged ed. 1967) (defining "second" as "being one of two equal parts").

the facts in his previous indecent exposure convictions. We say "appears" because Arms's failure to create a sufficient record in this case leaves some of the facts about those previous convictions shrouded in mystery. The facts in *Fuller*, too, are not as pellucid as they could be.

But we do know in *Fuller* that the defendant's two separate public indecency convictions *at least* occurred on the same day.[3] Perhaps they also occurred as part of the same incident, as Arms alleges his did; it is not discernable from the opinion. Nevertheless, the court went on to explain its reasoning: "The fact that the legislature chose not to include language in article 62.01(5) [now 62.001(5)] that would require convictions to occur in a specified order demonstrates a clear legislative intent not to require the State to prove that the convictions occurred in sequential order or that they arose from separate transactions." *Id.*

Although the district court could not treat *Fuller* as a definitive statement of Texas law,[4] in the absence of controlling opinions from higher authorities it was free to turn to a lower state court opinion for guidance on how the state's highest court would rule.[5] Arms cannot point to a single Texas state opinion that conflicts with the reasoning in *Fuller* or even that calls it into question. Indeed, quite the contrary is the case: The reasoning in *Fuller* has already been followed by another Texas court.[6] The district court did not err in turning to

---

[3] *See Fuller*, 194 S.W.3d at 53 ("Nothing in the statute requires that when two or more convictions occur on the same day, as did the convictions at issue, they must occur in sequential order for one of the convictions to qualify as the second conviction.").

[4] *St. Paul Fire & Marine Ins. Co. v. Convalescent Servs., Inc.*, 193 F.3d 340, 342 (5th Cir. 1999); *Transcontinental Gas v. Transp. Ins. Co.*, 953 F.2d 985, 988 (5th Cir. 1992).

[5] , *Matheny v. Glen Falls Ins. Co.*, 152 F.3d 348, 354 (5th Cir. 1998); *Green v. Walker*, 910 F.2d 291, 294 (5th Cir.1990).

[6] *See Mungia v. State*, 2008 WL 2406140 (Tex. App.—Dallas 2008, no writ) (unpub-
(continued...)

*Fuller,* which itself cited higher Texas authorities in reaching its conclusion, for guidance on Texas law.

V.

Arms collaterally challenges his two 2002 indecent exposure convictions, arguing that his conduct was charged as two counts in violation of the Fifth Amendment's Double Jeopardy Clause. Because Arms failed to provide the court with a record sufficient enough to consider his previous convictions, *United States v. Sullivan*, 227 F. App'x 380, 381 (5th Cir. 2007), he has not made a *prima facie* nonfrivolous double jeopardy claim and has not demonstrated plain error. *See United States v. Delgado*, 256 F.3d 264, 270 (5th Cir. 2001).

The judgment is AFFIRMED.

---

[6] (...continued)
lished) (citing *Fuller*'s treatment of article 62.001(5)(F) in construing similar language in article 62.101(a)(3)).