**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 7, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

ALEXANDER CHRISTIAN MILES, M.D.,

     Defendant-Appellant.

No. 09-6214
(D.C. No. 5:06-CR-00096-HE-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **GORSUCH, EBEL,** Circuit Judges, and **ARGUELLO**[**], District Judge.
_____

Alexander Christian Miles, M.D. pled guilty to violating 18 U.S.C. § 1001(a)(3)

by providing false information on an affidavit in support of an application for a visa.

On the application, Dr. Miles misrepresented that a 14 year old Cambodian girl, whom he

had married in Cambodia and sought to bring back to the United States, was 18 years of

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

[**] Honorable Christine M. Arguello, District Court Judge, District of Colorado, sitting by designation.

age. The district court judge sentenced Dr. Miles to five years in prison, followed by three years of supervised release to which the judge attached several sex offender-related conditions. Dr. Miles appeals the district court's imposition of the sex-offender conditions. We take jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291 and AFFIRM.

## I.  BACKGROUND

In or about October of 2001, at the age of 43 years old, Dr. Miles married a 14-year old Cambodian girl, S.K., in a Cambodian wedding ceremony. In or about December of 2001, Dr. Miles transported his teenage wife from Cambodia to New York City.

On November 16, 2005, Dr. Miles was indicted for transporting S.K., at the age of 15 years, from New York City to Altus, Oklahoma, with the intent to engage in illicit sexual conduct ("First Indictment"). The district court dismissed the First Indictment on grounds that Dr. Miles's marriage to S.K. precluded, as a matter of law, a charge for transporting the minor for illicit sexual conduct.

On April 18, 2006, the grand jury issued another Indictment, arising from Dr. Miles's efforts to bring S.K. to the United States ("Second Indictment"). This Second Indictment charged Dr. Miles with transporting S.K. in interstate commerce with the intent to engage in acts of sexual intercourse accomplished with force and threat of force. Dr. Miles moved to dismiss the Second Indictment on double jeopardy grounds, which motion the district court denied and this Court affirmed, on June 11, 2009, in *United*

2

*States v. Miles*, 327 F. App'x 797 (10th Cir. 2009) (unpublished). About a week after remand to the district court, the government filed a Superseding Information that charged Dr. Miles with knowingly and willfully making a false statement concerning S.K.'s age on an affidavit in support of a visa application, in violation of 18 U.S.C. § 1001(a)(3). The parties entered into a plea agreement, whereby Dr. Miles pled guilty to the charged violation of 18 U.S.C. § 1001(a)(3).

The day before the sentencing hearing, as a result of information contained in the Presentence Investigation Report, the district court entered an order directing the parties to address at the hearing whether Dr. Miles should be required to register as a sex offender. At the sentencing hearing, Special Agent Brad Thompson of the Federal Bureau of Investigations testified that, during an interview he conducted in May of 2003, S.K. described the abusive nature of her relationship and forced sexual relations with Dr. Miles. Additionally, the government introduced detailed e-mail messages and chat log communications that were recovered from Dr. Miles's computer in which Dr. Miles admitted his desire to have sexual intercourse with prepubescent girls from Southeast Asia. As examples, Dr. Miles indicated that: (1) he was looking for a "little Viet princess, 8-10 or so"; (2) the "Mekong delta just seems full of 8 year olds who want to get rid of their hymens"; (3) he was "planning to come to Cambodia . . . to scout for 8 year old virgins"; (4) his "driver found [him] an 11 year old Khmer beauty who is an orphan"; (5) he was a "bona fide pedo-pervert"; and (6) he "met 13 yo . . . want divorce [from S.K.] . . . so can marry this girl . . . ." Aplee. App. at 1-2. In addition, the district court

judge also considered the circumstances surrounding Dr. Miles's subsequent marriage to another teenager, after he divorced S.K. The judge concluded that Dr. Miles's "predatory conduct is not conduct from which we can be assured of any recovery, even with treatment." Transcript at 71.

During the sentencing hearing, the court concluded that the false statement for which Dr. Miles was being sentenced "arose in the context of a broader range of alleged criminal activity," namely transporting a minor in interstate commerce with the intent to engage in sexual activity with the minor, as was accomplished through a scheme of marrying S.K. and "apparently other" child brides. In the court's view, the e-mail messages and chat log communications were evidence of Dr. Miles's depraved motives to pursue arranged marriages to Asian children as a ruse for "seeking children as sexual partners." Transcript of Sentencing Hearing ("Transcript"), Aplt. App., Ex. 11, at 67-68.

In a detailed and comprehensive explanation, the court justified imposing both the maximum five-year sentence and the sex offender-related conditions on the basis that the false statement offense of which Dr. Miles had been convicted was part of a "broader pattern of criminal conduct." Based on the evidence, the court concluded that Dr. Miles was a "sexual predator," recommended to the Bureau of Prisons that Dr. Miles participate in the sex offender treatment program at FCI Butner, and ordered him to be placed on three years of supervised release to which the court attached various conditions, including that Dr. Miles (1) submit to a sex offender mental health assessment and treatment; (2) not reside where children under the age of 18 are residing without prior written

4

permission of the probation officer; (3) not associate with children under the age of 18, except in the presence of a responsible adult who is aware of Dr. Miles's background and current offense; (4) not possess any sexually explicit material and not enter any establishment where sexually explicit material can be obtained; and (5) register as a sex offender in any state where he establishes residence, is employed, or is a student during the period of supervised release. The court further directed Dr. Miles to advise his probation officer if any state declined to permit him to register as a sex offender. *Id*. at 69-76.

On September 28, 2009, Dr. Miles filed Notice with the Court that, upon his release from prison, he would not be allowed to register as a sex offender in Oklahoma because the offense for which he was convicted was not a sex offense. In response, on September 30, 2009, the court issued an order stating that it would address Dr. Miles's concern if and when it became an issue, *i.e.*, if Dr. Miles was unable to register as a sex offender when he commenced his term of supervised release.

On January 4, 2010, Dr. Miles filed the instant Appeal. Oral argument was presented before this Court on September 24, 2010.

## II.     STANDARD OF REVIEW

"We review the district court's decision to impose special conditions of supervised release for abuse of discretion." *United States v. Hahn*, 551 F.3d 977, 982 (10th Cir. 2008), *cert. denied*, — U.S. —, 129 S.Ct. 1687 (2009). "District courts have broad discretion to set a condition on supervised release." *United States v. Hanrahan*, 508 F.3d

5

962, 970 (10th Cir. 2007). "The district court is required to give reasons on the record for the imposition of special conditions of supervised release. The court need only provide a 'generalized statement of its reasoning.'" *Hahn*, 551 F.3d at 982-83 (internal citations omitted).

## III. ANALYSIS

Dr. Miles asserts that, because his conviction was simply for making a false statement in violation of 18 U.S.C. § 1001, the sex-offender conditions imposed by the sentencing court are not reasonably related to the nature and circumstances of the offense for which he was convicted and, thus, constitute an abuse of discretion.[1]

However, the provisions of 18 U.S.C. § 3583(d)(1) and the incorporated provisions of 18 U.S.C. § 3553(a)(1), (2)(B)-(D) do not limit the conditions of supervised release to the nature and circumstance of the offense. Rather, these provisions indicate that the conditions of supervised release are to be reasonably related to the nature and

---

[1] Although the Tenth Circuit has previously addressed challenges to sex offender registration requirements where the sentenced individual had been convicted of a sex-related crime, this Court has not previously considered whether sex offender registration requirements and/or sex offender assessment and treatment may be imposed on an individual who has not been convicted of a sex offense. *See*, *e.g.*, *United States v. Fabiano*, 169 F.3d 1299 (10th Cir. 1999) (finding no abuse of discretion where district court imposed sex offender registration requirement on a defendant whose possession of child pornography offense was not explicitly defined as "unlawful sexual behavior" under the Colorado statute); *United States v. Hahn*, 551 F.3d 977 (10th Cir. 2008) (finding no abuse of discretion where the court imposed sex offender conditions on a defendant convicted of embezzlement, in light of the defendant's recent sex offense convictions).

6

circumstances of the offense, the history and characteristics of the defendant, the need to promote respect for the law, provide just punishment, deter criminal conduct, protect the public, and provide the defendant with needed training, medical care, or treatment.

Whether this court should affirm or vacate the registration requirement turns on whether the evidence establishes a reasonable relationship between the registration requirement and, in this case, the nature and circumstances of the offense, the history and characteristics of the defendant, deterring criminal conduct, protecting the public, and providing needed care and treatment.

This court has affirmed the trial court's imposition of sex offender conditions, including registration, in a case where there was evidence of recent illicit sexual conduct. *United States v. Hahn*, 551 F.3d 977 (10th Cir. 2008). In contrast, other courts have reversed such conditions where the illicit sexual conduct was not recent conduct or where the evidence of a sex offense consisted of no more than allegations that were never proved or charges that were dropped. *See United States v. Jiminez*, 275 F. App'x 433, 440 (5th Cir. 2008) (unpublished) (vacating registration requirement where the record contained only three unsubstantiated allegations contained in investigative police reports); *United States v. Scott*, 270 F.3d 632, 636 (8th Cir. 2001) (finding abuse of discretion where the sentencing judge imposed sex-offender conditions upon consideration of a single fifteen-year-old conviction).

In the instant case, the evidence presented consisted of Dr. Miles's own admissions via e-mail messages and chat room comments and his subsequent "marriage" to another

7

under-age girl. The evidence supports the district court's finding that Dr. Miles's false statement offense was part of a larger pattern of activity involving the procurement of children as sexual partners and that Dr. Miles poses a future threat as a sexual predator. Thus, the sex offender conditions imposed by the district court are reasonably related both to the nature and circumstances of the specific convicted offense (*i.e.*, lying about S.K.'s age on a visa application) and to Dr. Miles's history and characteristics. The mere fact that the sentenced offense is not technically a sex offense "does not make the imposition of the special condition[s] inconsistent with the [Sentencing Guidelines'] policy statement." *United States v. Carter*, 463 F.3d 526, 530 n.5 (6th Cir. 2006); *see also* U.S.S.G. § 5D1.3(d)(7) (stating that special conditions, including those for sex offenses, "may otherwise be appropriate in particular cases"). The mere fact that Dr. Miles has no history of sex offense convictions is not dispositive as to whether the sentencing court abused its discretion. *See United States v. Ybarra*, 289 F. App'x 726, 732 (5th Cir. 2008) (unpublished) (noting that § 3583(d) "does not expressly prohibit the imposition of sex offender registration for offenders with no history of sex offense convictions"); *United States v. Jiminez*, 275 F. App'x 433, 442 (5th Cir. 2008) (unpublished) (leaving open the possibility for imposing sex offender treatment and registration conditions); *see also United States v. Genovese*, 311 F. App'x 465 (2d Cir. 2009) (unpublished) (affirming imposition of sex offender registration requirements in light of the defendant's history and characteristics); *United States v. Prochner*, 417 F.3d 54, 63-64 (5th Cir. 2008) (affirming sex offender evaluation and treatment conditions where the defendant's journal

entries and mental health evaluations supported sentencing judge's belief that the defendant, who had no history of sex offenses, might pose a threat to children).

In light of the repeated and determined efforts by Dr. Miles to procure children for sexual activity, we find that the sex offender registration, assessment, and treatment conditions imposed by the district court are no greater a deprivation than is necessary to deter Dr. Miles from future criminal conduct, to protect the public, and to provide Dr. Miles with needed care and treatment.

Finally, Dr. Miles asserts that the registration requirement is impossible for him to satisfy because, under Oklahoma law, only persons who have been convicted of certain sex offenses may register as sex offenders. However, the district court has adequately addressed Dr. Miles's concern that a given state's laws might not allow sex offender registration in connection with Dr. Miles's false statement offense and, accordingly, provided for such a situation: "If any jurisdiction declines to permit registration on the basis that the offense of conviction in this case is other than a sexual offense, the defendant is required . . . to advise the probation officer of that fact within 72 hours of refusal, and the probation officer is directed to advise the court promptly of any such circumstance." Transcript at 75-76. Thus, the district court has afforded Dr. Miles an opportunity and process by which he could have this condition addressed if he is prevented from registering as a sex offender.

9

Based on the foregoing, we find that the district court did not abuse its discretion when it imposed sex offender-related conditions and we AFFIRM the judgment of the district court.

Entered for the Court

Christine M. Arguello
District Judge