FILED
United States Court of Appeals
Tenth Circuit

February 3, 2014

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

ALEXANDER CHRISTIAN MILES,

Defendant–Appellant.

No. 13-6110
(D.C. Nos. 5:06-CR-00096-HE-1 &
5:11-CV-00198-HE)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before **LUCERO** and **BALDOCK**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.

Alexander Christian Miles appeals the district court's denial of his petition for a writ of error <u>coram nobis</u>. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

**I**

The parties are familiar with the previous proceedings and we summarize them only briefly. In July 2001, Miles applied for a K-1 visa to bring his fiancée from Cambodia to the United States for the purpose of marriage. He told immigration

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. <u>See</u> Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

officials that his bride-to-be was aged eighteen, although he knew that she was only fourteen. The visa was granted and the couple married in New York later that year. In February 2002, Miles filed an application for adjustment of status in which he again falsely stated his wife's age. Miles and his wife moved to Oklahoma that summer and shortly thereafter he was indicted under the Mann Act for transporting a minor across state lines with the intent to engage in sexual activity. See 18 U.S.C. § 2423(a). Miles successfully challenged the legal sufficiency of the indictment and it was dismissed without prejudice.

The government obtained a new indictment under the Mann Act that specified the underlying state crime as forcible rape under Okla. Stat. tit. 21, §§ 1111B and 1114. Miles moved to dismiss, this time on double jeopardy grounds. The district court denied the motion and we affirmed on interlocutory review. See United States v. Miles, 327 F. App'x 797 (10th Cir. 2009) (unpublished).

In exchange for dismissal of the Mann Act charges, Miles pled guilty to a superseding information that charged him with knowingly making a false and material statement about his fiancée's age on the K-1 visa application in violation of 18 U.S.C. § 1001(a)(3). As part of the agreement, Miles waived his right to collaterally challenge his plea or any aspect of his conviction except with regard to sentencing error. He did not appeal the conviction but did unsuccessfully challenge his sentence. See United States v. Miles, 411 F. App'x 126 (10th Cir. 2010) (unpublished).

Miles then filed a motion for relief under 28 U.S.C. § 2255. The district court enforced the collateral-attack waiver and denied the motion. This court denied Miles' request for a certificate of appealability ("COA"). United States v. Miles, No. 12-6011, 2012 WL 9570723 (10th Cir. July 9, 2012) (unpublished).

Upon his release from custody in February 2013, Miles filed a petition for a writ of coram nobis. The district court denied the writ on two grounds: (1) the petition fell within the scope of the collateral-attack waiver contained in the plea agreement and (2) this court had rejected the same arguments raised by Miles in our order and judgment denying a COA.

## II

"When reviewing a denial of a coram nobis petition, we review questions of law de novo, but review the district court's decision to deny the writ for an abuse of discretion." United States v. Thody, 460 F. App'x 776, 778 (10th Cir. 2012) (unpublished). "A district court abuses its discretion when it renders a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable." United States v. Lewis, 594 F.3d 1270, 1277 (10th Cir. 2010) (quotation omitted).

Coram nobis is an "extraordinary remedy" to be invoked "only under circumstances compelling such action to achieve justice." United States v. Morgan, 346 U.S. 502, 511 (1954). "[T]he burden is on the petitioner to demonstrate that the asserted error is jurisdictional or constitutional and results in a complete miscarriage of justice." Klein v. United States, 880 F.2d 250, 253 (10th Cir. 1989). "[A]

colorable showing of factual innocence" demonstrates a fundamental miscarriage of justice. Beavers v. Saffle, 216 F.3d 918, 923 (10th Cir. 2000). The factual innocence "exception is intended for those rare situations where the [government] has convicted the wrong person of the crime." Klein v. Neal, 45 F.3d 1395, 1400 (10th Cir. 1995) (quotation omitted).

Moreover, Miles is not entitled to a writ of <u>coram nobis</u> "unless relief under 28 U.S.C. § 2255 was unavailable or would have been inadequate." United States v. Payne, 644 F.3d 1111, 1112 (10th Cir. 2011). That Miles failed to obtain relief "does not establish that the <u>remedy</u> so provided [was] either inadequate or ineffective." <u>Prost v. Anderson</u>, 636 F.3d 578, 585 (10th Cir. 2011) (quotation omitted), <u>cert. denied</u>, 132 S. Ct. 1001 (2012).

Miles' argument for issuance of a writ of <u>coram nobis</u> is based on the date of the offense in the superseding indictment. As this court explained in denying Miles' request for a COA, "Miles had actually lied on two different documents submitted to the INS: he falsely stated his fiancee's age on the K-1 visa application in July 2001, and then again falsely stated her age, after she had become his wife, on an application for adjustment of status in February 2002." <u>Miles</u>, 2012 WL 9570723, at *1. The superseding information, however, "conflated the two incidents, charging Mr. Miles with lying in connection with the K-1 visa application [in July 2001], but doing so in or about February 2002." <u>Id.</u> At the time Miles entered his plea, the mistake went unnoticed.

- 4 -

We rejected Miles' request for a COA because the collateral-attack waiver "barred his legal objections relating to the indictment and his actual-innocence claim clearly failed on the merits," meaning it could not constitute an exception to the waiver. Id. at *3-4. Regarding the date of the offense, we concluded that "Miles himself affirmed both the alleged date and document in his colloquy with the court establishing the factual basis for his plea at the plea hearing." Id. at *1.

Miles now asserts that he did not know about the error until this court issued its order and judgment in July 2012. He claims his lawyer advised him that the factual basis for his guilty plea was "intentionally misstating the date of birth of his wife in [the February 2002 application], whereas, according to the Tenth Circuit Court of Appeals' July 9, 2012, Order and Judgment . . . the misstatement had been made in [the July 2001 application]." According to Miles, he was ignorant of "the true nature of the charge to which he pled guilty" until this court issued its July 2012 decision.

We reject Miles' argument. Setting aside the fact that Miles offers no evidence as to what his lawyer told him, the record belies his claim. For example, in his petition to enter a guilty plea, Miles wrote: "I made a statement knowing it to be false that [my fiancée] was 18 on the visa application." (Emphasis added.) The plea agreement itself states that the false statement was made in connection with "an Alien Fianceé [sic] Visa application." And the plea colloquy confirms Miles understood that the false statement related to the visa application. Finally, Miles

- 5 -

acknowledged the government's contention that he pled guilty to filing a false affidavit in connection with the visa application in the brief supporting his request for a COA. Thus, there is no merit to Miles' argument that he first learned of the error in July 2012.

### III

Because Miles had an adequate remedy under § 2255 and there was no miscarriage of justice, the judgment of the district court is **AFFIRMED**. Because Miles has not advanced a reasoned, non-frivolous argument on appeal, his motion to proceed in forma pauperis is **DENIED**. See DeBardeleben v. Quinlan, 937 F.2d 502, 505 (10th Cir. 1991).

Entered for the Court


Carlos F. Lucero
Circuit Judge