**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 2, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ALEXANDER CHRISTIAN MILES,

    Defendant - Appellant.

No. 20-6150
(D.C. No. 5:06-CR-00096-HE-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **LUCERO** and **McHUGH**, Circuit Judges.
_____

This matter is before the court on the government's motion to enforce the

appeal waiver in Alexander Christian Miles's plea agreement.  We grant the

government's motion and dismiss the appeal.

**BACKGROUND**

In July 2001, Miles, then 43 years old, applied for a K-1 visa to bring his

Cambodian fiancée to the United States, misrepresenting her age as 18 years old

when he knew she was only 14.  The visa was granted, and they moved to New York,

where they were married in December 2001.  Miles then misrepresented his wife's

_____

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

age in an application for adjustment of status. In July 2002, they moved from New York to Oklahoma. Miles was indicted shortly thereafter under 18 U.S.C. § 2423(a) for transporting a minor across state lines with intent to engage in sexual activity contrary to state law. He ultimately pleaded guilty to falsely stating his then-fiancée's age in the K-1 visa application, in violation of 18 U.S.C. § 1001(a)(3). As part of a plea agreement, the government agreed to dismiss the charge under § 2423(a). Miles, in turn, waived his right to "[a]ppeal or collaterally challenge his guilty plea . . . and any other aspect of his conviction" as well as "his sentence as imposed by the Court and the manner in which the sentence is determined, provided the sentence is within or below the advisory guideline range determined by the Court to apply to this case." Mot. to Enforce attach. 1 at 5. The court imposed a sentence of 5 years' imprisonment and 3 years' supervised release. Miles appealed the imposition of sex-offender conditions, and we affirmed. *United States v. Miles*, 411 F. App'x 126, 127 (10th Cir. 2010).

Miles has since spent the past decade seeking post-conviction relief. He first filed a 28 U.S.C. § 2255 motion, which the district court denied based upon the collateral-challenge waiver in Miles's plea agreement. We denied a certificate of appealability (COA). *United States v. Miles*, 546 F. App'x 730, 731 (10th Cir. 2012). After he was released from custody in 2013, Miles petitioned for a writ of *coram nobis*. The district court again enforced the collateral-challenge waiver and denied the petition. We affirmed. *United States v. Miles*, 553 F. App'x 846, 847 (10th Cir. 2014). Miles then filed a second petition for a writ of *coram nobis*, which the district

2

court denied based on the collateral-challenge waiver, the abuse-of-the-writ doctrine, and a lack of merit. We affirmed based on the abuse-of-the-writ doctrine and did not address the other grounds. *United States v. Miles*, 923 F.3d 798, 800-01 (10th Cir. 2019). Finally, in 2020, Miles filed a Motion for Clerical Error Correction and Vacation of Conviction, contending, as he did in his prior filings, that his misrepresentations about his wife's age were immaterial. The district court again denied the motion based on the collateral-challenge waiver, the abuse-of-the-writ doctrine, and a lack of merit. Miles timely appealed.

## DISCUSSION

The government has moved to enforce the appeal waiver in Miles's plea agreement under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). Under *Hahn*, we consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325; *see also United States v. Viera*, 674 F.3d 1214, 1217 (10th Cir. 2012) (applying *Hahn* analysis to denial of § 2255 claim based on collateral-challenge waiver).

In his pro se response[1] to the government's motion, Miles contends only that

---

[1] Because Miles is pro se, we liberally construe his filings but will not act as his advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

3

his appeal does not fall within the scope of his appeal waiver.[2]  He argues that because the recommended sentence under the Sentencing Guidelines was 0 to 6 months and because the district court imposed a sentence of 60 months, he is "entitled to challenge both his conviction and his sentence on account of the District Court's upward variance."  Resp. at 6.  But the exception to his waiver based on an upward variance from the Guidelines applies only to challenges to his *sentence*, not his conviction.  *See* Mot. to Enforce attach. 1 at 5 (waiving the right to "[a]ppeal[] [or] collaterally challenge . . . *his sentence as imposed by the Court and the manner in which the sentence is determined*, provided the sentence is within or below the advisory guideline range determined by the Court to apply to this case" (emphasis added)); *see also id.* at 6 ("It is provided that defendant specifically does not waive the right to appeal a *sentence* above the advisory guideline sentencing range determined by the Court to apply to this case." (emphasis added)).  An upward variance has no bearing on his waiver of his right to "[a]ppeal or collaterally challenge his guilty plea . . . and any other aspect of his conviction."  *Id.* at 5.

Here, Miles plainly is challenging his conviction, not his sentence.  *See* Resp. at 3 (describing his current challenge as being based on a 2019 U.S. Senate Report, which he alleges "provides newly available evidence that no reasonable fact finder could have found him *guilty* of a material misrepresentation in violation of 18 U.S.C.

---

[2] We therefore do not address the remaining two factors under *Hahn*—whether the waiver was voluntary and whether enforcement would result in a miscarriage of justice.  *See United States v. Porter*, 405 F.3d 1136, 1143 (10th Cir. 2005) (noting this court does not need to address a *Hahn* factor that the defendant does not contest).

4

§1001(a)(3)" (emphasis added)); *id.* at 9 (arguing the waiver does not bar him "from insisting that his plea agreement be rescinded and his *conviction* reversed" (emphasis added)). In fact, Miles admits he "has fully completed his sentence." *Id.* at 8. Accordingly, the exception to his appeal waiver does not apply, and this appeal "falls within the scope of the waiver." *Hahn*, 359 F.3d at 1325. We therefore enforce Miles's appeal waiver and grant the government's motion to dismiss.

## FILING RESTRICTIONS

The government also requests that we impose filing restrictions on Miles due to his pattern of abusive litigation. Miles opposes restrictions, first on the ground that he "does not expect to burden the federal judiciary with future pleading."[3] Resp. at 19. But if true, then he can hardly complain about restrictions on future filings. Miles also argues his claim of newly discovered evidence was "neither disingenuous[] nor frivolous." *Id.* But he fails to acknowledge that his claim was barred by his collateral-challenge waiver and that his present appeal was barred by the appeal waiver. He also fails to address his vexatious litigation history spanning the past ten years, which the government aptly described in its motion, *see* Mot. to Enforce at 12 ("Despite agreeing that he would not challenge his conviction collaterally, including the current time, Dr. Miles has challenged his conviction

---

[3] In his most recent appeal, however, this court found that Miles made "knowing and material misrepresentations in [his] filings," including his *coram nobis* petition and supporting affidavit. *Miles*, 923 F.3d at 805 n.2. We thus directed the Clerk to send copies of the opinion the State Bar of California, where Miles had been licensed to practice law, and the medical boards of four states where he was licensed to practice medicine so they could determine whether to take any disciplinary action.

collaterally on four occasions, claiming in each attack that the lies he told the INS were immaterial. This Court rejected his argument twice on the merits and held on a third occasion[] that his argument constituted an abuse of the writ." (citations omitted)).

"Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions under appropriate circumstances." *Ysais v. Richardson*, 603 F.3d 1175, 1180 (10th Cir. 2010). Filing restrictions may be imposed when: "(1) the litigant's lengthy and abusive history is set forth; (2) the court provides guidelines as to what the litigant must do to obtain permission to file an action; and (3) the litigant received notice and an opportunity to oppose the court's order before it is instituted." *Id*. (internal quotation marks omitted).

This court proposes to enjoin Miles from filing any further pro se filings with this court that raise the same or substantially similar issues arising out of the same criminal conviction or the same or similar set of facts and circumstances as asserted in the present appeal or in his prior appeals, including Nos. 12-6011, 13-6110, and 18-6119, unless he obtains permission to do so. To obtain the court's permission, Miles must take the following steps:

1. File a petition with the clerk of this court requesting leave to file a pro se proceeding;

2. Include in the petition the following information:

   a. A list, by case name, number, and citation where applicable, of all proceedings currently pending or previously filed in this court by Miles, with a statement indicating the current status or disposition of each proceeding; and

6

b. A list apprising this court of all outstanding injunctions, contempt orders, or other judicial directions limiting his access to state or federal court, including orders and injunctions requiring him to be represented by an attorney; said list to include the name, number, and citation, if applicable, of all such orders and injunctions;

3. File with the clerk a notarized affidavit, in proper legal form, which recites the issues he seeks to present, including a particularized description of the order or ruling being challenged and a short statement of the legal basis asserted for the challenge. The affidavit must also certify, to the best of his knowledge, that the legal arguments advanced are not frivolous or made in bad faith; that they are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; that the appeal or other proceeding is not interposed for any improper purpose; and that he will comply with all federal appellate rules and local rules of this court.

These documents shall be submitted to the clerk of this court, who shall forward them to the court for review to determine whether to permit the pro se appeal or other proceeding. Without the court's approval, the matter will not proceed. If the court approves the submission, an order will be entered indicating that the matter shall proceed in accordance with the Federal Rules of Appellate Procedure and the Tenth Circuit Rules. Only then will the appeal or other proceeding formally be filed in this court.

## CONCLUSION

We grant the government's motion to enforce Miles's appeal waiver and dismiss this appeal. Moreover, the filing restrictions set forth herein shall be

7

imposed on Miles twenty days from the date of this order and judgment unless this court orders otherwise upon review of any objections.

Entered for the Court
Per Curiam