**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 3, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JEREMY STAN,

    Defendant - Appellant.

No. 23-1174
(D.C. No. 1:14-CR-00099-CMA-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **EID**, and **CARSON**, Circuit Judges.
_____

After Jeremy Stan pleaded guilty to possessing child pornography, he violated his supervised release conditions each of the three separate times that the district court imposed them. Because of his repeated failure to comply with his supervised release terms, the district court, on the third time around, imposed a special condition that would require Stan to disclose financial information. Stan appeals the court's imposition of this condition. Finding no abuse of discretion, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

**I.**

Jeremy Stan pleaded guilty to possessing child pornography in violation of 18 U.S.C. § 2252(a)(4). He received a sentence for seventy-two months' imprisonment and six years' supervised release. Once on supervised release, he violated his supervised release terms by, among other things, driving recklessly while intoxicated and without a license, and thereafter, colliding with a state trooper's patrol car and pushing a trooper to the ground. Those actions led to Stan's first revocation of supervised release. He then served more time in prison, and for a second time, Stan got out on supervised release.

Yet again, he violated his supervised release terms—this time admitting guilt to eleven violations involving the purchase of alcohol, the failure to abide by the rules of his sex offender treatment agency, and the unauthorized association with a child or children. At this point, Stan appealed his six-year term of supervised release, claiming it was substantively unreasonable. *See United States v. Stan*, No. 21-1065, 2022 WL 664796, at *1 (10th Cir. Mar. 7, 2022) (unpublished). This Court disagreed and affirmed the imposition of the sentence. *Id*. at *3.

Stan then served more time in prison, and for a third time, Stan started a supervised release term. Five months later, the probation office filed a Petition for Warrant on Person Under Supervision, which alleged that Stan again violated his supervised release conditions. Specifically, the petition alleged that Stan (1) failed to register as a sex offender as required under Colorado law while also failing to register an email address and multiple instant-message identities with his local police

2

department; (2) failed to comply with a treatment program by keeping secrets, having unauthorized contact with minors, making unapproved sexual contact, accessing social media unauthorized, viewing pornographic material, and possessing an unauthorized internet-capable device; and (3) failed to reside in a residential reentry center because he was terminated for noncompliance with its rules.

Stan admitted to the three violations. As a result, the district court sentenced him to imprisonment for a period of twenty-four months and supervised release for a period of six years. In addition, the probation office recommended that the district court impose a special condition of supervised release that would require Stan to "provide the probation officer access to any requested financial information and authorize the release of any financial information." R. Vol. II at 10. Stan objected to this financial information disclosure requirement.

But the district court overruled the objection, finding the special condition "necessary" given Stan's prior conduct. R. Vol. III at 55. The court reasoned, "in light of the fact that he has this history of secret[-]keeping using unauthorized internet-capable devices, doing subscriptions to dating sites, [and] visiting unauthorized locations, this condition would provide accountability, at least to some extent, to the extent that he intends to purchase prohibited items." *Id.* Stan timely appealed, challenging only the financial disclosure condition.

## II.

Because Stan objected to the financial disclosure condition below, we review the district court's supervised release ruling for abuse of discretion. *United States v.*

3

*Mike*, 632 F.3d 686, 691 (10th Cir. 2011). "A district court abuses its discretion only where it (1) commits legal error, (2) relies on clearly erroneous factual findings, or (3) where no rational basis exists in the evidence to support its ruling." *United States v. Englehart*, 22 F.4th 1197, 1207 (10th Cir. 2022) (citation omitted).

### III.

With few limits, district courts have broad discretion to prescribe special conditions of release. *Mike*, 632 F.3d at 692. Indeed, courts may impose conditions so long as they "satisfy the three statutory requirements laid out in 18 U.S.C. § 3583(d)." *United States v. Hahn*, 551 F.3d 977, 983 (10th Cir. 2008).

To satisfy § 3583(d)'s first requirement, the special condition must reasonably relate to at least one of the following: the nature and circumstances of the offense and the defendant's history and characteristics; the deterrence of criminal conduct; the protection of the public from further crimes of the defendant; or the defendant's educational, vocational, medical, or other correctional needs. 18 U.S.C. §§ 3553(a), 3583(d)(1). To meet the second requirement, a condition must involve no greater deprivation of liberty than is reasonably necessary to achieve the purpose of deterring criminal activity, protecting the public, or promoting the defendant's rehabilitation. *Id.* § 3583(d)(2). And for § 3583(d)'s third requirement, a condition must be consistent with any pertinent policy statements issued by the Sentencing Commission. *Id.* § 3583(d)(3).

Stan starts by arguing that the financial disclosure condition fails to satisfy 18 U.S.C. § 3583(d) because it involves a greater deprivation of liberty than is

4

reasonably necessary and it is not reasonably necessary to serve the purposes of supervised release.  We hold that the district court did not abuse its discretion because it reasonably concluded that the special condition requiring disclosure of Stan's financial information satisfies the three statutory requirements in § 3583(d).  We address each requirement in turn.

Again, § 3583(d) first requires that a special condition reasonably relate to at least one of its listed factors, including the nature and circumstances of the offense and the defendant's history and characteristics, the deterrence of criminal conduct, and the protection of the public from further crimes of the defendant.  *See* 18 U.S.C. §§ 3553(a), 3583(d)(1).  Stan does not argue that his special condition fails to meet this requirement.  Nor could he.

That is because the financial disclosure condition is reasonably related to the nature and circumstances of Stan's violations and his history and characteristics, to deterring his criminal conduct, and to protecting the public from further crimes by him.  *Cf. United States v. Ensminger*, 174 F.3d 1143, 1148 (10th Cir. 1999) (upholding a financial disclosure condition because it related to a defendant's behavior with money—namely, "attempts to defraud financial institutions").  After several other violations of his supervised release, Stan admitted guilt to creating and using an unauthorized email address and multiple unauthorized instant message identities, engaging in secret-keeping, accessing social media unauthorized, viewing pornographic material, and possessing an unauthorized internet-capable device.  The district court's condition relates to the circumstances of Stan's violations because his

5

financial information will reveal future "purchase[s]" of "prohibited items" like an unauthorized internet-capable device, subscription services, or alcohol. R. Vol. III at 55.

Importantly, the district court sought to provide "accountability" over Stan's purchases by deterring him from buying material that would violate his conditions of supervised release. *Id.* In those ways, the condition here relates to Stan's habits as well as a desire to deter him from committing criminal conduct so that the public is better protected. Thus, the condition meets § 3583(d)'s first requirement.

Second, § 3583(d)(2) requires that a special condition not involve a greater deprivation of liberty than what is reasonably necessary to achieve the purpose of deterring criminal activity, protecting the public, and promoting Stan's rehabilitation. *See Ensminger*, 174 F.3d at 1148 (justifying a financial disclosure condition in part because of "the need to protect the public from further similar crimes"). Again, the district court wanted a condition that "would provide accountability, at least . . . to the extent that [Stan] intend[ed] to purchase prohibited items." R. Vol. III at 55.

The financial disclosure condition is no greater than necessary to fulfill this purpose. By establishing a means by which probation officers could better monitor Stan's purchases, the officers will now be able to see if he buys alcohol, if he goes to bars, if he pays for sexual items like pornography, or if he pays for a hotel. Allowing the probation officer to observe these specific types of purchases will make it obvious to the probation office when Stan is violating the conditions of his supervised release, conditions that Stan has repeatedly violated in the past. *See Stan*,

6

2022 WL 664796, at *3 ("[H]ad [Stan] complied, he would be free of the court by now. [He] must learn to follow the rules.").

On that note, it is worth recognizing that the district court imposed this requirement only after Stan's repeated violations and only after the district court and the probation office's efforts to monitor Stan had proven unsuccessful. As the district court observed, despite those efforts, Stan failed to learn to follow the rules. That is why the court and probation office needed a way to keep a closer watch on Stan, and the special condition provides a reasonable way to do so. All considered, the circumstances surrounding Stan's supervised release violations provided the district court a "rational basis" to impose the special condition. *Englehart*, 22 F.4th at 1207. No abuse of discretion occurred.

Against the conclusion that the condition meets § 3583(d)'s second requirement, Stan raises a host of arguments. To start, he argues that the condition invades his privacy by authorizing probation officers to keep track of every expenditure that he makes, involving purchases ranging from medical care to entertainment. Next, Stan asserts that the financial disclosure condition is not reasonably necessary because, in his view, the probation officer already has more than adequate tools to monitor his behavior for compliance with the law and with his conditions of release, including the authority to interrogate him and others who know him, to conduct warrantless searches of his person and property, and to polygraph him.

Each of Stan's arguments invite us to reweigh the considerations that supported the district court's judgment calls—questions we cannot get into on abuse of discretion review. Critically, he does not show that the court committed a legal error. *Id.* Nor does he argue that the court relied on clearly erroneous factual findings. *Id.* And he fails to overcome the fact that a "rational basis exists in the evidence to support [the district court's] ruling" on § 3583(d)'s second requirement. *Id.* (citation omitted). Namely, Stan failed again and again to comply with his conditions by purchasing unauthorized items, so much so that the district court wanted to deter his conduct by imposing a condition that would allow his probation officer to closely monitor whether he purchases such unauthorized items. The financial disclosure condition does just that, and it does so reasonably. The condition does not, as Stan argues, infringe on his liberty more than reasonably necessary to deter future violations.

Along similar lines, Stan also argues that the probation officers have had little difficulty uncovering violations of his supervised release conditions in the past, so they should not need more means to do so now. But this in part misses the point of the district court's financial disclosure condition. Not only did the court want to keep a close eye on Stan, but also the court wanted to deter Stan from committing future violations. And the financial disclosure condition was a reasonable way to do so.

Again, what Stan's arguments really amount to is a request to look at § 3583(d)(2)'s requirement with fresh eyes, while weighing all considerations in his

favor to reimpose the special conditions of release that he has violated on three separate occasions. We cannot. Again, we review the imposition of the condition for an abuse of discretion. And under that standard, we cannot second-guess the district court simply because it had other reasonable options when imposing special conditions on Stan's third round of supervised release. That the court exercised its discretion to impose the reasonable condition here based on the circumstances surrounding Stan's recurring violations does not amount to an abuse of discretion.

Lastly, § 3583(d)'s third requirement demands that special conditions be consistent with any pertinent policy statements issued by the Sentencing Commission. *See* 18 U.S.C. § 3583(d)(3). Stan argues that the condition fails to follow the Sentencing Guidelines' "Access to Financial Information" policy statement because, generally, it recommends a financial disclosure condition "[i]f the court imposes an order of restitution, forfeiture, or notice to victims, or orders the defendant to pay a fine." Aplt. Br. at 9 (quoting U.S.S.G. § 5D1.3(d)(3)). In Stan's view, a court can *only* impose a financial disclosure condition in those circumstances, and no others. And he reasons that those few circumstances do not apply here. His view is mistaken.

We need only look to the prefatory language of U.S.S.G. § 5D1.3(d)(3) to determine that Stan misinterprets the Guidelines' policy statement. That language states: "The following 'special' conditions of supervised release are recommended in the circumstances described *and, in addition, may otherwise be appropriate in particular cases . . . .*" U.S.S.G. § 5D1.3(d) (emphasis added). Thus, the Guidelines

9

plainly allow courts to impose the special conditions listed in U.S.S.G. § 5D1.3(d) when they are "appropriate" in particular cases, not just in the few circumstances also specified in § 5D1.3(d)'s subsections. *Id.*

And indeed, this Circuit has already recognized that district courts may impose special conditions that "may otherwise be appropriate in particular cases." *Id.*; *see, e.g.*, *United States v. Richards*, 958 F.3d 961, 966 (10th Cir. 2020) (reasoning that courts can impose special conditions relating to substance abuse if they "may otherwise be appropriate in particular cases" (quoting U.S.S.G. § 5D1.3(d))); *United States v. Flaugher*, 805 F.3d 1249, 1252 (10th Cir. 2015) (recognizing that district courts may impose a warrantless search condition if otherwise appropriate in a particular case); *United States v. Miles*, 411 F. App'x 126, 130 (10th Cir. 2010) (unpublished) (noting that courts may impose otherwise appropriate special conditions related to sex offenses).

Under the correct interpretation of the Guidelines, the district court did not abuse its discretion under 18 U.S.C. § 3583(d)(3). That is because the court issued a special condition that was consistent with the Sentencing Commission's policy statements. Imposing a financial disclosure condition on Stan—a criminal defendant who had previously violated his supervised releases by purchasing alcohol, pornography, and online dating subscriptions—was "otherwise [] appropriate in [this] particular case[]." U.S.S.G. § 5D1.3(d). As mentioned, both the court and the probation office have had little success convincing Stan to abide by the conditions of his supervised release. Knowing that Stan's probation officer will be able to detect a

violation of the release terms more easily, Stan may be deterred from committing violation after violation and hopefully will "learn to follow the rules" of his supervised release.  *Stan*, 2022 WL 664796, at *3.

In sum, no abuse of discretion occurred.  The district court met each of the three statutory requirements under 18 U.S.C. § 3583(d), and Stan points to no legal error or clearly erroneous fact that the court relied on in imposing a financial disclosure condition.

## IV.

For these reasons, we AFFIRM.

Entered for the Court

Allison H. Eid
Circuit Judge